IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:02-CR-283-1BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JERRY KAREEM TATUM, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is defendant Jerry Kareem Tatum's pro se Motion to Establish F.R.P. Payment Plan [DE 48]. The government, through a Response to Defendant's Motion to Establish F.R.P. Payment Plan, has opposed the motion [DE 51]. For the following reasons, defendant's Motion to Establish F.R.P. Payment Plan is DENIED.

## FACTUAL BACKGROUND

On March 28, 2003, Mr. Tatum pled guilty to fifteen counts of interfering with commerce by robbery and aiding and abetting in violation of 18 U.S.C. § 1951–52 and two counts of brandishing a firearm during a crime of violence and aiding and abetting in violation of 18 U.S.C. § 924(c). [DE 1]. At sentencing, the Court ordered defendant to pay restitution in the amount of $35,959.20 and an assessment of $1,700.00. [DE 35]. The Court ordered defendant's special assessment due in full immediately but established no restitution payment schedule. *Id.*

Defendant is incarcerated at the Federal Correctional Institution in Estill, South Carolina. Defendant began participating in the Bureau of Prisons Financial Responsibility Program (F.R.P.) in September 2014. [DE 51-1]. He participated until June 7, 2015, at which time he was

1

placed in "refuse status" for failing to make scheduled payments. [DE 51-2]. Defendant began participating again on July 13, 2015. [DE 51-3]. At that time, defendant agreed to set aside $26.00 a month. *Id.*

On July 30, 2015, defendant filed the instant motion requesting to establish an F.R.P. payment plan of $25.00 quarterly payments. [DE 48].

## DISCUSSION

The Fourth Circuit has held that the provisions of the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. §§ 3663A and 3664, should be strictly construed and modifications permitted only where provided for in the statute. *See United States v. Roper*, 462 F.3d 336, 338–39 (4th Cir. 2006). The MVRA states that "[a] sentence that imposes an order of restitution is a final judgment" except for in a narrow set of circumstances, which the statute lists. 18 U.S.C. § 3664(o). By specifically including the few circumstances in which modification is permitted, the statute forecloses any other means of modifying an order of restitution. *See Roper*, 462 F.3d at 338–39 (quoting *Raleigh Gaston R.R. Co. v. Reid*, 80 U.S. 269, 270 (1872) ("[w]hen a statute limits a thing to be done in a particular mode, it includes a negative of any other mode.")).

Here, defendant has neither cited nor briefed any statute or rule permitting a modification of the Court's judgment. Additionally, upon examination of the possible reasons for modifying an order of restitution in 18 U.S.C. § 3664(o), none appear to apply to the instant case.

Moreover, there is already a system in place within the Bureau of Prisons for addressing complaints about the administration of restitution payments. Defendant must pursue his claims administratively before seeking redress in this Court. *See McKart v. United States*, 395 U.S. 185, 193 (1969) ("The doctrine provides 'that no one is entitled to judicial relief for a supposed or

2

threatened injury until the prescribed administrative remedy has been exhausted.'") (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 (1938)). Title 28 C.F.R. § 542.10, et seq., sets out the Bureau of Prisons Administrative Remedy Program, which establishes procedures for reviewing complaints relating to conditions of confinement. This process includes informal complaints, formal complaints, and multiple levels of appeals. 28 C.F.R. §542.13–18. Failure to exhaust administrative remedies is excusable only upon a showing of cause and prejudice. *McClung v. Shearin*, 90 Fed. Appx. 444, 445 (4th Cir. Feb. 6, 2004).

Here, there is no evidence defendant has sought relief from—much less exhausted—administrative remedies. There is also no evidence that defendant's failure to exhaust his administrative remedies is because following the procedure would be futile. Thus, Defendant has no valid excuse for failing to exhaust his administrative remedies.

## CONCLUSION

Based on the foregoing information, defendant's Motion to Establish F.R.P. Payment Plan [DE 48] is DENIED.

SO ORDERED, this  24  day of September, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3